**PIRRO et, Plaintiffs-Appellants, v. GOLDMAN, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22817. Decided October 5, 1953.

Payne & Hermann, Cleveland, for plaintiffs-appellants.
Terrell, Williams & Salim, Cleveland, for defendant-appellee.

## OPINION

PER CURIAM:

This is an appeal on questions of law from the Municipal Court of the City of Cleveland. The record shows that when the case was called for trial and before evidence was introduced, the defendant moved for judgment on the pleadings. Whereupon the court entered judgment for the defendant on plaintiff's petition. The case then proceeded to trial upon the cross-petition of the defendant and judgment was rendered thereon in favor of the defendant.

The petition alleges in substance that the plaintiff operated his automobile out of the west driveway of the Richmond Theater Building on Mayfield Road, and that he was driving his car in a northerly direction and that he came to a stopped position with the front of his automobile approximately one foot into Mayfield Road; that the defendant who was driving easterly on Mayfield Road in the second of three east-bound lanes, drove his car from the second lane into the first lane and collided with plaintiff's automobile; that the action of defendant in doing so was negligent in that defendant failed to maintain a look-out for vehicles in his path and that said negligence was the proximate cause of the accident and the resulting property damage.

Defendant, on the other hand, in his answer and cross-petition alleged that he was driving his automobile on Mayfield Road in the most southerly lane for east-bound traffic and that the plaintiff negligently operated his automobile out of the driveway and caused it to collide with defendant's automobile and that such action was the proximate cause of the accident. Thus an issue was made on the pleadings as to the negligence of the respective parties and the proximate cause of the accident.

There are three assignments of error, as follows:

1. The court erred in granting a judgment for defendant on the pleadings before presentation of evidence.

2. The court erred in rendering judgment for the defendant on cross-petition.

3. The court erred in not filing separate findings of fact and conclusions of law as requested by the plaintiff's attorney.

The members of this court are unanimously of the opinion that it was error prejudicial to the rights of the plaintiff to dismiss his petition before presentation of evidence in support of the allegations thereof inasmuch as the petition states facts sufficient to constitute a cause of action. In this state of the record, therefore, it was error to proceed to trial and to render judgment for defendant on the cross-petition.

We further hold that the trial court committed error prejudicial to the substantial rights of the plaintiff in refusing to comply with his request for separate findings of fact and conclusions of law timely made.

For these reasons the judgment is reversed and the cause is re-

manded for further proceedings according to law, in accordance with this opinion. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.